UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PARASDEEP SINGH,

Petitioner,

v.

JEREMY CASEY, Senior Warden Imperial Regional Detention Facility; PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General,

Respondents.

Case No.: 3:26-cv-04546-LEK-BJW

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Parasdeep Singh's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on August 7, 2026. [Dkt. no. 1.] On August 19, 2026, the respondents, identified in the Petition as Jeremy Casey, Senior Warden Imperial Regional Detention Facility; Patrick Divver, Field Office Director of Enforcement and Removal Operations ("ERO"), San Diego Field Office, Immigration and Customs Enforcement; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, U.S. Department of Homeland Security ("DHS"); and Todd Blanche, Acting U.S. Attorney General (collectively

"Respondents"), filed a return to the Petition ("Return"). [Dkt. no. 5.] While this Court acknowledges that the time to file an optional traverse has not yet passed, upon review of the Petition and the Return, this Court finds that additional argument is not necessary.

The Petition is denied for the reasons set forth below.

**BACKGROUND**

Petitioner, a native and citizen of India, entered the United States on October 28, 2022, intending to seek asylum. He was detained by immigration officials on November 1, 2022, but was later released on conditional parole. [Petition at ¶¶ 69-71.] Petitioner worked as a commercial truck driver while his asylum application was pending, until his arrest and re-detention on November 6, 2025. See id. at ¶¶ 72-73. Following his arrest, Petitioner was transferred into ICE's custody at the Imperial Regional Detention Facility, where he was still detained when he filed the Petition. See id. at ¶ 76. Petitioner asserts that Respondents have not provided him with: an individualized determination that his re-detention was necessary; notice of the change in circumstances that allegedly warranted his re-detention; nor access to an administrative process to challenge either the factual or legal basis for his re-detention. See id. at ¶¶ 77-79.

At some point, Petitioner's asylum application was denied and he was ordered removed. On April 22, 2026, the Board of Immigration Appeals ("BIA") dismissed his appeal from that decision. His petition for review is pending before the Seventh Circuit Court of Appeals.[1] See id. at ¶¶ 80-81. Petitioner asserts that he has been

[1] Respondents state that the Seventh Circuit docketed the petition for review on July 29, 2026, and, on August 3, 2026, it denied Petitioner's motion for stay of removal. Further, on August 5, 2026, the Seventh Circuit denied his renewed motion for a stay. See Return, Declaration of Melissa G. Jimenez ("Jimenez Decl.") at ¶¶ 12-13. Melissa G. Jimenez ("Jimenez") is a Deportation Officer with DHS's ICE/ERO suboffice, which is part of the San Diego Field Office. [Id. at ¶ 1.]

detained for more than ninety days since his removal order became administratively final, and it is not reasonably foreseeable that he will be removed pursuant to that order. See id. at ¶ 82. He also argues that he has been subjected to unreasonably prolonged detention without the opportunity to seek release on bond. See id. at ¶ 83.

Petitioner seeks, *inter alia*, immediate release or, in the alternative, an order requiring Respondents to release him unless he is provided with a bond hearing pursuant to Title 8 United States Code Section 1226(a). See id. at PageID.22.

## DISCUSSION

### I. Section 1226(a)

This Court turns first to Petitioner's claim that he has been denied the opportunity to seek release on bond, in violation of Section 1226(a) ("Count II"). See id. at PageID.21. Petitioner argues that he "can only be lawfully detained under § 1226(a) and is thus eligible for release on bond, since he is not subject to [8 U.S.C.] § 1225(b)(1), § 1226(c), or [8 U.S.C.] § 1231." [Id. at ¶ 108.]

The Ninth Circuit Court of Appeals has recently held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Rodriguez Vazquez and Section 1226 do not apply to Petitioner because he was subject to inspection upon his entry into the United States, and he indicated his intent to seek asylum. See Petition at ¶¶ 70-71 (stating Petitioner was detained shortly after he entered the United States); see also 8 U.S.C. § 1225(b)(1)(A)(i), (ii) (describing part of the screening process for aliens arriving in the United States who indicate an intention to apply for asylum).

Because Section 1226 does not apply to Petitioner, he is not entitled to a Section 1226(a) bond hearing. The Petition is therefore denied as to Count II.

## II. Due Process

Petitioner also argues that his continued detention violates his Fifth Amendment right to due process ("Count I"). See Petition at PageID.18-21.

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. See Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law."). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." Valencia Zapata v. Kaiser, Case No. 25-cv-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (collecting cases). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations in Pinchi) (brackets omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593 (1972)).

This Court has previously ordered immediate release as a remedy for the due process violation that occurred when the petitioner's prior release on bond was revoked and he was summarily detained. See, e.g., Pablo-Matías v. LaRose, Case No. 3:26-cv-02930-LEK-MMP, 2026 WL 1399926, at *3 (S.D. Cal. May 19, 2026); Semere v. Casey, Case No. 3:26-cv-03073-LEK-DDL, 2026 WL 1480805, at *2-3 (S.D. Cal. May 27, 2026); Avci v. LaRose et al., Case No. 3:26-cv-03870-LEK-MSB, Order Granting in Part and Denying in Part Verified Petition for Writ of Habeas Corpus, filed 7/14/26 (dkt.

no. 6), at 4. Where this Court has concluded that immediate release was not an appropriate remedy for the violation of the petitioner's due process rights, the respondents were ordered to provide the petitioner with an individualized bond hearing. See, e.g., Mendoza Bustamante v. Divver, Case No. 3:26-cv-02294-LEK-JLB, 2026 WL 1834313, at *2 (S.D. Cal. June 25, 2026).

Thus, even if this Court concluded that Petitioner's due process rights were violated when he was re-detained on November 6, 2025, at the present time, this Court cannot provide Petitioner with any effective relief for that violation. Before the Petition was filed in this case: Petitioner was ordered removed; [Petition at ¶ 80;] the BIA dismissed Petitioner's appeal; [id.;] the Seventh Circuit denied Petitioner's motion for a stay pending the Seventh Circuit's decision on his petition for review; [Jimenez Decl. at ¶ 13;] and the Embassy of India issued an emergency travel document to facilitate Petitioner's removal to India, [id. at ¶ 14].

Under these circumstances, even if this Court concluded that Petitioner established that his re-detention violated his due process rights, this Court would be unable to order Petitioner's immediate release or an individualized bond hearing. Respondents have carried their heavy burden of establishing that Count I is moot. See Castaneda v. Lyons, Case No. 1:26-cv-01866-JLT-SAB-HC, 2026 WL 1623336, at *2 (E.D. Cal. June 5, 2026) (describing the mootness standard).[2] The Petition is therefore denied as to Count I.

## CONCLUSION

For the foregoing reasons, Petitioner Parasdeep Singh's Petition for Writ of Habeas Corpus, filed August 7, 2026, is DENIED. The Clerk's Office is DIRECTED to close this case on **September 21, 2026**.

---

[2] The magistrate judge's report and recommendation in Castaneda was adopted by the district judge. 2026 WL 1865440 (June 29, 2026).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 21, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge